WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank NA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Worldwide Car Company LLC,<br><br>　　　　Defendant. | No. CV-21-01348-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Plaintiff Wells Fargo Bank NA's Motion for Entry of Default Judgment Against Defendant Worldwide Car Company, LLC (Doc. 27). Defendant has not responded to the Motion, nor has he appeared or otherwise defended this action. For the following reasons, the Court grants Plaintiff's Motion in part.

**I.     Background**

Plaintiff alleged that Defendant issued a back check for $110,000 to one of its customers. (Doc. 1 at ¶ 2). The customer deposited the check with Plaintiff and received funds for its value, "but when [Plaintiff] presented the check for payment" to Defendant's bank "it was returned unpaid for insufficient funds . . . ." (*Id.*) Plaintiff brings two claims: the first as holder in due course, and the second for violation of Arizona's bad check statute, A.R.S. § 12-671. (*Id.* at ¶¶ 21–38). It seeks damages of "not less than double $82,022.11." (*Id.* at ¶ 37).

Defendant has failed to appear or otherwise defend this action. On January 5, 2022, the Clerk of Court entered default against Defendant. (Doc. 25). Plaintiff now seeks entry

of default judgment. (Doc. 27).

## II. Legal Standard

Courts strongly prefer to decide cases on their merits, but they may use their discretion to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); *see also* Fed. R. Civ. P. 55. If default judgment is sought against a party that failed to plead or otherwise defend, courts must determine they have subject matter jurisdiction over the matter and personal jurisdiction over the party. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If there is jurisdiction, courts must then consider several factors to determine whether default judgment is appropriate: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471–72. Upon default, a complaint's factual allegations are taken as true, except for those relating to damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

## III. Jurisdiction and *Eitel* Analysis

Plaintiff claims the Court has diversity jurisdiction over this matter. (Doc. 27 at 4). Courts may exercise original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a). Here, the Complaint alleges damages of over $75,000. (Doc. 1 at ¶ 37). The Complaint also alleges that Plaintiff is a citizen of South Dakota, and that Defendant is an Arizona citizen. (*Id.* at ¶¶ 4–5). The Court finds it may exercise subject matter jurisdiction over this matter. In addition, as Defendant is alleged to be an Arizona resident, it is at home in this jurisdiction and, therefore, subject to the Court's personal jurisdiction. *See Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 317 (1945). Having found subject matter jurisdiction and personal jurisdiction over Defendant, the Court proceeds to the *Eitel* factors.

### a. Possibility of Prejudice to Plaintiff

Without a judgment against Defendant, Plaintiff would lack a remedy for its damages. Therefore, this factor favors entry of default judgment.

### b. Merits of Substantive Claim and Sufficiency of Complaint

"Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). Plaintiff claims that it was the holder in due course of the check. A holder in due course is one who takes a check that does not bear any signs that would "call into question its authenticity" and is received:

> (a) For value; (b) In good faith; (c) Without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series; (d) Without notice that the instrument contains an unauthorized signature or has been altered; (e) Without notice of any claim to the instrument described in § 47-3306; and (f) Without notice that any party has a defense or claim in recoupment described in § 47-3305, subsection A.

A.R.S. § 47-3302(A). The Court finds that the Complaint, which alleges that Plaintiff received the check in exchange for value, satisfies the requirements as the holder in due course.

Next, Plaintiff brings a claim under Arizona's bad check statute.

> A person who, . . . with intent to defraud, makes, draws, utters or delivers to another person or persons a check or draft on a bank or depositary for payment of money, knowing at the time of such making, drawing, uttering or delivery, that he or his principal does not have an account or does not have sufficient funds in, or credit with, such bank or depositary to meet the check or draft in full upon presentation, shall be liable to the holder of such check or draft for twice the amount of such check or draft or fifty dollars, whichever is greater, together with costs and reasonable attorney's fees as allowed by the court on the basis of time and effort expended by such attorney on behalf of plaintiff.

A.R.S. § 12-671(A). Here, the Court also finds that the Complaint alleges sufficient information to bring a claim under this statute. Therefore, these factors favor entry of default judgment.

### c. Sum at Stake

Here, the Court considers the amount of money at stake in relation to the seriousness of a defendant's conduct. *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Gemmel v. Systemhouse, Inc.*, 2008 WL 65604, at *4 (D. Ariz. Jan. 3, 2008). Here, Plaintiff seeks damages of $82,022.11, in addition to interest on that amount and attorney fees and costs. As the Arizona legislature has found that a suitable award for a bad check includes damages for twice the amount of the check, and as the requested award is less than twice the value of the bad check, the Court finds the money at stake is not an inappropriate amount. This factor favors entry of default judgment.

### d. Possibility of Dispute

The time has passed for Defendant to dispute the Complaint's allegations. At this stage, the allegations are taken as true. *See Geddes*, 559 F.2d at 560. Therefore, the possibility of dispute is low. This factor favors entering default judgment.

### e. Excusable Neglect

Plaintiff has tried and failed to serve Plaintiff's registered agent. (Docs. 17–19). However, Plaintiff did serve the Arizona Corporation Commission (Doc. 20), which constitutes valid service under Arizona law. *See* Ariz. Civ. P. 4.1(j). Therefore, the possibility of excusable neglect is low.

### f. Policy Favoring Decisions on the Merits

The Court is unable to reach the merits of this case because Defendant has failed to plead or otherwise defend this action. Therefore, this factor weighs against granting default judgment.

Overall, the Court finds the *Eitel* factors support an entry of default judgment against Defendant.

## IV. Relief

Having found default judgment proper, the Court must determine what relief

Plaintiff is entitled to. Damages may not differ in kind or exceed what was demanded in the pleadings. Fed. R. Civ. P. 54(c). This is so a defendant may know from the complaint what the potential award may be, and the defendant may then decide whether a response is worthwhile. *See Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007). If requesting damages, a plaintiff must submit evidence to "prove-up" its request. *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011).

Plaintiff seeks $82,022.11 in compensatory damages, $9,913 in pretrial judgment interest, attorney fees and costs. (Doc. 27 at 14–15). This relief does not differ from what Plaintiff sought in its Complaint. (Doc. 1 at 6).

Plaintiff has submitted an affidavit averring that the bad check caused an overdraft in the amount of $82,022.11. (Doc. 27 at 18). "In diversity actions, state law determines the rate of prejudgment interest, and postjudgment interest is governed by federal law." *Am. Tel. & Tel. Co. v. United Computer Sys., Inc.*, 98 F.3d 1206, 1209 (9th Cir. 1996). Therefore, the Court will award prejudment interest under A.R.S. § 44-1201 and postjudgment interest under 28 U.S.C. § 1961(a). Plaintiff, as the prevailing party, is also entitled to its costs. Fed. R. Civ. P. 54(d)(1). Plaintiff is also eligible and entitled to reasonable attorney fees under A.R.S. § 12-671(A).

While the Court will enter judgment on Plaintiff's damages, interest, and costs, it will not enter judgment for the requested amount of attorney fees because Plaintiff fails to provide the information required by Local Rule of Civil Procedure 54.2. Plaintiff may file a motion for attorney fees in accordance with Federal Rule of Civil Procedure 54(d)(2) and Local Rule of Civil Procedure 54.2.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default Judgment (Doc. 27) is **granted** in part.

**IT IS FURTHER ORDERED** that default judgment shall be entered in favor of Plaintiff and against Defendant for the amount of $82,022.11. Plaintiff shall be entitled to pre-judgment interest under A.R.S. § 44-1201 and post-judgment interest under 28 U.S.C.

§ 1961(a).  Plaintiff shall also be entitled to its costs in the amount of $1,833.12.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this action.

**IT IS FINALLY ORDERED** that Plaintiff may file a motion for attorney fees in accordance with Federal Rule of Civil Procedure 54(d)(2) and Local Rule of Civil Procedure 54.2 no later than fourteen (14) days after this Order's entry.

Dated this 14th day of July, 2022.

Honorable Diane J. Humetewa
United States District Judge