**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank NA, | No. CV-21-01348-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Worldwide Car Company LLC, | |
| Defendant. | |

Pending before the Court is Plaintiff Wells Fargo Bank, NA's ("Plaintiff's") Motion to Seal Certain Exhibits to Plaintiff's Motion for Attorneys' Fees (Doc. 31). Plaintiff seeks to seal (1) the redacted version of Exhibit 3 (Doc. 32 at 90–162) that it attached to its Motion for Attorneys' Fees; and (2) the entirety of Exhibit 4 (Doc. 32 at 163). Plaintiff has not, however, lodged under seal proposed versions of either exhibit. *See* LRCiv 5.6(c). For the following reasons, the Court denies Plaintiff's Motion.

The court's analysis regarding a motion to seal begins with a "strong presumption in favor of [public] access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (explaining the public has a general right of access "to inspect and copy . . . judicial records and documents"). "[A] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1095 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1178)). To meet this burden, a party seeking to file a document under seal must give compelling reasons

supported by specific factual findings. *Id.* General allegations of confidentiality, "without further elaboration or any specific linkage with the documents," do not satisfy the moving party's burden. *Kamakana*, 447 F.3d at 1184.

Exhibit 3 to Plaintiff's Motion for Attorneys' Fees (Doc. 32 at 90–162) is its Task-Based Itemized Statement of Fees ("Itemized Statement"), filed pursuant to District of Arizona Local Rule of Civil Procedure Rule 54.2 for the purpose of evaluating an award of attorneys' fees. LRCiv 54.2(e). Although Plaintiff has filed a redacted version of its Itemized Statement on the public docket (Doc. 32 at 90–162), it also seeks to have Exhibit 3 filed under seal on the grounds that the redacted version contains confidential work product and client communications. (Doc. 31 at 3). Plaintiff argues this version should be sealed because non-redacted portions of Exhibit 3 "disclose[] both Plaintiff and its counsel's strategy and ways of handling litigation that, while reasonable and justify Plaintiff's fee award, need not be publicly disclosed to sufficiently understand the merits of the underlying non-dispositive motion." (*Id.*) Indeed, Rule 54.2 cautions that when filing these Itemized Statements, "counsel should be sensitive to matters giving rise to issues associated with the attorney-client privilege and attorney work-product doctrine, but must nevertheless furnish an adequate nonprivileged description of the services in question." LRCiv 54.2(e). Had Plaintiff not already filed Exhibit 3 on the public docket, the Court would find Plaintiff had presented sufficiently compelling reasons to seal the redacted version of Exhibit 3. However, when Plaintiff filed the redacted version of Exhibit 3 with its Motion for Attorneys' Fees, Plaintiff waived these arguments. This document is currently on the public docket by the Plaintiff's own doing.

Exhibit 4 to Plaintiff's Motion for Attorneys' Fees (Doc. 32 at 163) is Plaintiff's fee agreement with counsel at Fox Rothschild. Plaintiff seeks to seal this exhibit in its entirety. Plaintiff represents the agreement contains "confidential client communications reciting private contractual terms of Fox Rothschild, LLC's legal representation of Plaintiff" and "negotiated terms that are highly confidential to Fox Rothschild, LLP." (Doc. 31 at 4). Plaintiff further argues disclosure of this information to the public would harm both Fox

Rothschild and Plaintiff by "providing competitors and potential litigation adversaries with private terms of legal services rendered by and for the same." (*Id.*) Unlike Exhibit 3, Plaintiff has not filed Exhibit 4 or lodged it under seal so that the Court can independently assess these representations. Regardless, courts in this district have found the argument to seal an entire fee agreement due to confidentiality "is not sufficient to overcome 'the presumption of public access to court filings.'" *ThermoLife Int'l LLC v. Am. Fitness Wholesalers LLC*, 2020 U.S. Dist. LEXIS 58956, at *1–2 (D. Ariz. Apr. 3, 2020) (quoting *Linex Techs., Inc. v. Hewlett-Packard Co.*, 2014 U.S. Dist. LEXIS 169806, 2014 WL 6901744, at *1 (N.D. Cal. Dec. 8, 2014)); *see also, e.g., Strojnik v. Driftwood Hosp. Mgmt. LLC*, 2021 U.S. Dist. LEXIS 224244 (D. Ariz. Nov. 19, 2021) (denying an unopposed motion to seal the entirety of defendant's fee agreement with counsel).

Moreover, Rule 54.2 provides "[a] complete copy of any written fee agreement, or a full recitation of any oral fee agreement, must be attached to the supporting memorandum" when a party seeks attorneys' fees. LRCiv 54.2(d)(2). To the extent the fee agreement contains confidential information that is not required by Rule 54.2, the Court "will allow [Plaintiff] to file a redacted, unsealed, copy of the fee agreement that complies Rule 54.2's requirements." *ThermoLife Int'l LLC*, 2020 U.S. Dist. LEXIS 58956, at *2 (*citing Cheeks v. Gen. Dynamics Corp.*, 2014 U.S. Dist. LEXIS 153310, 2014 WL 5465285, at *1, 3 (D. Ariz. Oct. 28, 2014)). But the Court also cautions that Plaintiff's failure to comply with Rule 54.2 may result in the denial of its Motion for Attorneys' Fees and/or reduction of the amount of fees sought. *See id.* (citing *Aviva USA Corp. v. Vazirani*, 2013 U.S. Dist. LEXIS 116328, 2013 WL 4430921, at *7 (D. Ariz. Aug. 16, 2013)).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Seal Certain Exhibits to Plaintiff's Motion for Attorneys' Fees (Doc. 31) is **DENIED**.

Dated this 20th day of December, 2022.

Honorable Diane J. Humetewa
United States District Judge