**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank NA, | No. CV-21-01348-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Worldwide Car Company LLC, | |
| Defendant. | |

    Plaintiff Wells Fargo Bank, NA ("Plaintiff") has filed a Motion for Attorneys' Fees (Doc. 32). Local Rule 54.2 provides that the following documents must be attached to a motion for fees: (1) a Statement of Consultation; (2) a copy of a fee agreement or statement that there is no fee agreement; (3) a Task-Based Itemized Statement providing the required description of services rendered; (4) an affidavit of moving counsel; and (5) "[a]ny other affidavits or evidentiary matter deemed appropriate . . . or required by law." LRCiv 54.2(d)(1)-(5). Plaintiff attached a statement of consultation (Doc. 32 at 165–166), redacted task based itemized statement (*Id*. at 90–162)[1], and affidavit (*Id*. at 12–22) to their Motion for Attorneys' Fees. However, Plaintiff did not attach its Fee Agreement (*See Id*. 32 at 163).

    Plaintiff moved to file under seal the Fee Agreement in its entirety in an attempt to supplement its Motion. (*See generally* Doc. 31). The Court denied Plaintiff's motion,

---

[1] The Court notes that Plaintiff's provided Task-Based Itemized Statement is heavily redacted, and "[i]f the time descriptions are incomplete, or if such descriptions fail to adequately describe the service rendered, the court may reduce the award accordingly." LRCiv 54.2(e)(2).

finding its argument to seal the entire fee agreement due to confidentiality "is not sufficient to overcome 'the presumption of public access to court filings.'" (Doc. 36 at 3) (citation omitted).  The Court explicitly directed Plaintiff to "file a redacted, unsealed, copy of the fee agreement that complies Rule 54.2's requirements." (*Id.* (quoting *ThermoLife Int'l LLC v. Am. Fitness Wholesalers LLC*, 2020 WL 8881560, at *1 (D. Ariz. Apr. 3, 2020)).  The Court also cautioned Plaintiff that its  "failure to comply with Rule 54.2 may result in the denial of its Motion for Attorneys' Fees and/or reduction of the amount of fees sought." (*Id.*); *see ThermoLife Int'l LLC*, 2020 WL 8881560, at *1; *see also Aviva USA Corp. v. Vazirani*, 2013 WL 4430921 at *7 (D. Ariz. Aug. 16, 2013), *aff'd*, 632 F. App'x 885 (9th Cir. 2015).

Two months have passed and Plaintiff has yet to provide the Court with any version of its Fee Agreement to remedy its Motion's deficiency.  *Contra Schrum v. Burlington Northern Santa Fe Railway Co.*, 2008 WL 2278137, at *3 (D. Ariz. May 30, 2008) (overlooking procedural deficiencies when the defendant supplies the required information in a supplement to its application for attorneys' fees).  In light of Plaintiff's failure to comply with the Court's prior Order and the Local Rules, the Court denies Plaintiff's Motion for Attorneys' Fees, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees (Doc. 32) is **DENIED without prejudice**.  Plaintiff may refile a motion for fees that complies with Rule 54.2 of the Local Rules of Civil Procedure.

Dated this 21st day of February, 2023.

Honorable Diane J. Humetewa
United States District Judge